IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REALTEK SEMICONDUCTOR CORP., | ) | |
| | ) | |
| Plaintiff, | ) | REDACTED - PUBLIC VERSION |
| | ) | |
| v. | ) | C.A. No. 17-1114-GMS |
| | ) | |
| AVAGO TECHNOLOGIES GENERAL IP | ) | ██████████████ |
| (SINGAPORE) PTE. LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## AVAGO SINGAPORE'S OPENING BRIEF IN SUPPORT OF ITS RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
1105 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 298-0700
jshaw@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant Avago Technologies
General IP (Singapore) Pte. Ltd.*

OF COUNSEL:
Bruce S. Sostek
Richard L. Wynne, Jr.
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
(214) 969-1700

Dated: October 2, 2017

# TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDINGS ...................................................1

II.   SUMMARY OF THE ARGUMENT ......................................................................1

III.  STATEMENT OF FACTS......................................................................................4

    A.    Realtek "served" the Complaint on Avago Singapore by leaving it at an unattended, shared mailroom. ..................................................................... 4

    B.    Realtek improperly asks this Federal Court to hear only state-law claims against Avago Singapore. ............................................................................. 5

    C.    Avago Singapore did not grant Realtek a ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ under the Settlement Agreement. ............................. 6

    D.    Broadcom was acquired after the ▮▮▮▮▮▮▮▮. ....................................... 7

    E.    This litigation arises from Broadcom's actions to enforce its own patents. ........... 7

IV.   ARGUMENT .......................................................................................................8

    A.    This Court lacks subject-matter jurisdiction to hear this case. .............................. 8

        1.    Legal Standard ........................................................................ 8

        2.    The Complaint is facially devoid of sufficient jurisdictional allegations. ............................................................................. 9

    B.    Realtek's Complaint fails to state any claims upon which relief may be granted.............................................................................................. 11

        1.    Legal Standard ...................................................................... 12

        2.    The Complaint contains no well-pled factual allegations that plausibly entitle Realtek to relief. ............................................... 14

    C.    No amendment will cure the Complaint's deficiencies. ...................................... 19

V.    CONCLUSION ..................................................................................................20

## TABLE OF AUTHORITIES

**Cases**

Page(s)

*A.T. & S.F. Ry. Co. v. Gold Bondholders Protective Council, Inc.*,
   506 F. Supp. 449 (D. Del. 1981).............................................................................. 11

*Alston v. Markel*,
   157 F. Supp. 3d 379 (D. Del. 2016)............................................................................ 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................... 12, 14, 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................... 12

*Bistrian v. Levi*,
   696 F.3d 352 (3d Cir. 2012)............................................................................ 12, 14

*Carma Developers (Cal.), Inc. v. Marathon Dev. Cal, Inc.*,
   826 P.2d 710 (Cal. 1992)................................................................................ 19

*Christianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800 (1988).................................................................................... 10

*DML Associates v. Mattel, Inc.*,
   C.A. No. 03-128 GMS, 2003 WL 1798559 (D. Del. Apr. 7, 2003) ........................................ 10

*Falkenberg Cap. Corp. v. Dakota Cellular, Inc.*,
   925 F. Supp. 231 (D. Del. 1996)........................................................................ 13

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*,
   541 U.S. 567 (2004)................................................................................... 4, 9

*Hussain v. PNC Fin. Servs. Grp.*,
   692 F. Supp. 2d 440 (D. Del. 2010)................................................................... 2, 12

*In re Western Asbestos Co.*,
   416 B.R. 670 (N.D. Cal. 2009) ....................................................................... 13, 18

*Jim Arnold Corp. v. Hydrotech Sys., Inc.*,
   109 F.3d 1567 (Fed. Cir. 1997).......................................................................... 10

*Lindy v. Linn*,
   501 F.2d 1367 (3d Cir. 1974)............................................................................. 9

*Luckett v. Delpark, Inc.*,
  270 U.S. 496 (1926) ........................................................................................... 10

*Malcom v. Veterans Admin.*,
  C.A. No. 09-357-SLR, 2009 WL 2872937 (D. Del. Sept. 2, 2009) ........................................ 18

*Marsh v. Nichols, Shepard & Co.*,
  140 U.S. 344 (1891) ........................................................................................... 10

*Masterson v. Sine*,
  436 P.2d 561 (Cal. 1968) (en banc) ........................................................................... 13

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
  549 F.2d 884 (3d Cir. 1977) .................................................................................... 8

*New Marshall Engine Co. v. Marshall Engine Co.*,
  23 U.S. 473 (1912) ............................................................................................ 9

*Schmidt v. Skolas*,
  770 F.3d 241 (3d Cir. 2014) .................................................................................... 3

*Skelly Oil Co. v. Phillips Petrol. Co.*,
  339 U.S. 667 (1950) ........................................................................................... 11

*Skilstaf, Inc. v. CVS Caremark Corp.*,
  669 F.3d 1005 (9th Cir. 2012) ................................................................................ 13

*Smith v. Visa U.S.A., Inc.*,
  No. C 11–01634, 2011 WL 2709819 (N.D. Cal. July 12, 2011) ........................................... 18

*Speedco, Inc. v. Estes*,
  853 F.2d 909 (Fed. Cir. 1988) ................................................................................ 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ...................................................................................... 12, 16

*Winer Family Trust v. Queen*,
  503 F.3d 319 (3d Cir. 2007) .................................................................................... 2

**Statutes**

28 U.S.C. § 1331 ........................................................................................ 8, 9, 11

28 U.S.C. § 1338 ........................................................................................ 8, 9, 11

28 U.S.C. § 2201 ........................................................................................... 8, 11

28 U.S.C. § 2202 ................................................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ *passim*

Fed. R. Civ. P. 12(h)(3) ....................................................................................................... 11

Fed. R. Civ. P. 4(d)(3) ........................................................................................................... 4

Fed. R. Civ. P. 4(f)(2) ............................................................................................................ 5

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 12

## I.  NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Realtek filed this action in an effort to get Broadcom Corporation — a company not party to this suit — to drop patent claims that Broadcom asserted against some of Realtek's customers. Realtek's Complaint alleges that Defendant Avago Technologies General IP (Singapore) Pte. Ltd. (Avago Singapore) caused Broadcom to breach a Settlement and Patent License Agreement (Settlement Agreement) between Avago Singapore and Realtek. Notably, Broadcom is not a party to the Settlement Agreement.

Realtek attempts to invoke federal-question jurisdiction even though it has pleaded only state-law causes of action. The Court's resulting lack of subject-matter jurisdiction requires dismissal. But even if the Court had jurisdiction — although it does not — dismissal would still be required because Realtek has failed to plead any plausible claims for relief.

This Court's lack of subject-matter jurisdiction and the Complaint's failure to state any viable claims provide independent bases for dismissal. Thus, Avago Singapore asks the Court to dismiss Realtek's Complaint with prejudice under Rules 12(b)(1) and/or 12(b)(6). No scheduling conference has been set, and this Motion is the only significant development in this case.

## II.  SUMMARY OF THE ARGUMENT

1.      This Court lacks subject-matter jurisdiction over this dispute. The Complaint alleges three purported bases for jurisdiction: federal question, patent federal question, and a request for a declaratory judgment. But the first three of the Complaint's four causes of action — breach of contract, breach of the implied duty of good faith and fair dealing, and tortious interference — neither present federal questions nor relate to patents. And because Realtek bases its declaratory-judgment action on these state-law claims, the Declaratory Judgment Act likewise does not confer subject-matter jurisdiction. Accordingly, this lawsuit is improperly before this Court.

2.    The Complaint fails to state any claims upon which this Court may grant relief. Realtek alleges that Defendant <u>Avago Singapore</u> breached a Realtek/Avago Singapore Settlement Agreement because of <u>Broadcom's</u> recent assertion of its own patents against Realtek's customers. But the Complaint fails to plead any facts under which the patent-assertion activities of Broadcom, a non-party to the Settlement Agreement, could result in Avago Singapore's breach.

3.    Specifically, Realtek and Avago Singapore entered into the Settlement Agreement — attached to the Complaint as Exhibit A — to resolve certain patent disputes between them. Under the Settlement Agreement, Realtek and its ████████ and Avago Singapore and its ████████ granted each other ████████████████████████ ████████████████████.

4.    Only "████████████████████████████████████) and their ████████ are bound to the terms of the Agreement. The Complaint fails to plead facts showing that Broadcom is an Avago Singapore ████████ for two reasons:

a.    *First*, an ████████ is either a ████████████████████ ████████████████████:

████████████████████████████████
████████████████████████

*See* Settlement Agreement at █, Exh. A to Complaint, D.I. 2 (emphases added).[2]

---

[1] Capitalized terms are defined in the Settlement Agreement.

[2] For ease of reference, the Agreement, attached as Exhibit A to the Complaint (D.I. 2), will be cited simply as "Settlement Agreement." The Court may consider the Settlement Agreement in ruling on Avago Singapore's 12(b)(6) Motion because Realtek attached it to the Complaint and bases its claims upon it. *See Hussain v. PNC Fin. Servs. Grp.*, 692 F. Supp. 2d 440, 442–43 (D. Del. 2010) (citing *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007)).

Realtek's allegations that attempt to make Broadcom a ███████ are (i) unsupported legal conclusions that fail the pleading standard, and (ii) irrelevant under the Agreement's plain and unambiguous terms. *See* Complaint, D.I. 2, ¶¶ 16–19.

      b.    *Second*, the Agreement plainly and unambiguously states that ██████



*See* Settlement Agreement at ███ (emphases added). The Settlement Agreement's ██████████████████████, and Realtek pleads no facts regarding the date of Broadcom's acquisition. Realtek's failure to plead this necessary fact is fatal to its Complaint. Moreover, publicly filed SEC documents confirm that Avago Technologies, Avago Singapore's parent, acquired Broadcom on February 1, 2016, more than six months "██████████████."[3] Broadcom therefore cannot be an ████████ under the clear and unambiguous terms of the Settlement Agreement, which means that ████████████████████████.

5.    Since Broadcom is neither a ████ ████████████████████████████, the Settlement Agreement does not provide ████████████████████. Realtek's failure to state a claim, in addition to the absence of subject-matter jurisdiction, requires dismissal with prejudice.

---

[3] "SEC filings . . . are matters of public record of which the court can take judicial notice" for purposes of a 12(b)(6) motion. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

### III.  STATEMENT OF FACTS

**A.  Realtek "served" the Complaint on Avago Singapore by leaving it at an unattended, shared mailroom.**

As an initial matter, Realtek's objective in bringing this lawsuit was not to bring the parties before the Court to decide a legitimate dispute. This intention is evident from Realtek's refusal to use the Federal Rules' waiver-of-service procedures or proper process for service.

Specifically, Realtek filed this action on August 8, 2017, apparently planning to sue both Avago Singapore and Broadcom in a single lawsuit. *See* Complaint, D.I. 2, at Cover (listing both Avago and Broadcom in caption). Before filing, however, Realtek apparently recognized that the Court would lack subject-matter jurisdiction over the case since Plaintiff Realtek and Defendant Avago Singapore are both aliens. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004) ("[A]liens were on both sides of the case, and the requisite diversity was therefore absent."). So Realtek sued Avago Singapore and Broadcom separately.[4] *Compare* Complaint, D.I. 2, at 1–2 (naming Avago Singapore as Defendant), *with Realtek Semiconductor Corp. v. Broadcom Corp.*, C.A. No. 17–1115, D.I. 2, at 1 (D. Del. filed Aug. 8, 2017) (naming Broadcom as Defendant).

To alleviate Realtek's need to effect service of the Summons and Complaint in Singapore, the undersigned counsel indicated to Realtek's counsel on September 1 that Avago Singapore was willing to agree to waive service of process under Rule 4(d)(3). Realtek refused, claiming that it wanted to proceed more quickly than the waiver-of-service rule provides because of the schedule in Broadcom's ITC proceeding in which neither Realtek nor Avago Singapore is a party.

---

[4] As explained in Part IV.A., below, this Court still lacks subject-matter jurisdiction over this dispute.

Rather than proceeding through legitimate service channels, however, Realtek claims to have "served" the Summons and Complaint in Singapore. Indeed, within hours of dropping off the documents, Realtek filed an affidavit claiming that Realtek had effected service. *See* Summons, D.I. 8, at 3–4. The facts reveal that Realtek's goal was to be able to file a return of summons rather than to effect service properly.

Realtek's purported "service" was not on Avago Singapore. Indeed, on the morning of September 12, 2017, an employee at Transnational Supply Chain Logistics Pte. Ltd., found a package containing the Summons and Complaint that had been left in the mailroom at 1 Yishun Avenue 7 Singapore 768923.[5] It apparently had been left there after hours, unattended. That the package was discovered by an employee of Transnational Supply Chain rather than by an employee of Avago Singapore demonstrates that Realtek's attempted service was not reasonably calculated to give notice of the lawsuit to Avago Singapore. *See* Fed. R. Civ. P. 4(f)(2). And its delivery to an unattended location where it was found by a person not employed by Avago Singapore demonstrates Realtek's willingness to violate the confidentiality provisions of the Settlement Agreement (attached to the Complaint) just to create an argument that it had effected service.[6]

## B.   Realtek improperly asks this Federal Court to hear only state-law claims against Avago Singapore.

Realtek alleges claims for "breach of contract, breach of the implied duty of good faith

---

[5] Several companies, including Avago Singapore, share this mailroom.

[6] Although Avago Singapore objects to Realtek's purported "service" and its improper handling and dissemination of Avago Singapore's confidential information, because the Court clearly lacks subject-matter jurisdiction and Realtek's Complaint fails to state a claim on which relief may be granted as discussed herein, Avago Singapore is not moving to dismiss for ineffective service. *See Alston v. Markel*, 157 F. Supp. 3d 379, 382 (D. Del. 2016) (declining to rule on motion to dismiss for improper service where court addressed substantive motion to dismiss for failure to state a claim).

and fair dealing, tortious interference with contract and business relations, and declaratory

judgment" against Avago Singapore. *See* Complaint, D.I. 2 ¶ 1. None of these California state-

law[7] claims present a federal question, the Complaint's only purported basis for jurisdiction.

**C.   Avago Singapore did not grant Realtek** ███████████████████████████
    **under the Settlement Agreement.**

The ████████ Settlement Agreement between Realtek and Avago Singapore ███

████████████████████████████████████████████████████████

████████ *See* Settlement Agreement at ███. Under the Agreement, Avago Singapore granted

Realtek ████████████████████████████:



Settlement Agreement ██████ (emphasis added). Realtek granted ████████████ to Avago

Singapore. *See* Settlement Agreement ████████.

Settlement Agreement ████ (emphasis added).

The parties excluded ████████████████████████████

████████████████:

[7] ████████ governs the Agreement. *See* Settlement Agreement ████.



Settlement Agreement ████ emphases added). Thus, █████████████████
█████████████████.

Settlement Agreement ████.

**D. Broadcom was acquired ██████████████.**

 The Complaint does not allege when Avago Singapore's parent, Avago Technologies,

acquired Broadcom, even though the Agreement unambiguously ████████████

██████████████████████. Avago Technologies acquired Broadcom

on February 1, 2016, more than six months ███████████████████

████. *See* Appendix Exhibit ("App. Exh.") 1 at 3: Feb. 1, 2016 Avago Technologies Ltd. Form

8–K (Introductory Note), *available at*

https://www.sec.gov/Archives/edgar/data/1441634/000119312516446897/d121614d8k.htm.

Avago Technologies' February 1, 2016 acquisition of Broadcom—████████████

██████████████████—prevents Realtek from plausibly alleging that

Broadcom is an ████████ of Avago Singapore.

**E. This litigation arises from Broadcom's actions to enforce its own patents.**

 Realtek's claims allegedly arise from Broadcom's filing of an ITC proceeding and related

district-court infringement action against various companies. *See* Complaint, D.I. 2 ¶¶ 26, 27, 29,

30, 32, 33, 39, 45, 51. Specifically, the Complaint alleges that in March 2017, Broadcom

initiated an ITC action against a number of companies it alleged were infringing U.S. Patent Nos.

8,284,844; 7,590,059; 8,068,171; 7,310,104; and 7,342,967 (collectively, the Broadcom Asserted

Patents). *See* Complaint, D.I. 2 ¶ 27. Broadcom has owned these patents since they were

assigned from their respective inventors. *See* App. Exh. 2 at 10–17: USPTO Assignment Records

for Broadcom Asserted Patents.[8] These are the only patents Realtek identifies in its Complaint.

*See* Complaint, D.I. 2 ¶ 27.

      Broadcom did not join Realtek to the ITC action. Almost six months later, on August 8,

2017, Realtek — which has never moved to intervene in the ITC proceeding — filed this action

asserting that Broadcom's ITC action violates the Settlement Agreement.

**IV.  ARGUMENT**

**A.  This Court lacks subject-matter jurisdiction to hear this case.**

    **1.  Legal Standard**

      A motion to dismiss for lack of subject-matter jurisdiction may take one of two forms,

facial or factual. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.

1977). A court presented with a facial attack "must consider the allegations in the complaint as

true." *See id.* A factual attack, on the other hand, requires the court to weigh facts outside the

pleadings. *See id.*

      Here, Realtek alleges three bases for subject-matter jurisdiction: (1) federal question, *see*

28 U.S.C. § 1331; (2) patent federal question, *see* 28 U.S.C. § 1338(a); and (3) the Declaratory

Judgment Act, *see* 28 U.S.C. §§ 2201 and 2202. *See* Complaint, D.I. 2 ¶ 5.[9] Because the

---

    [8] Patent assignments are public records of which this Court may take judicial notice for
purposes of this Motion. *See McDowell v. U.S. ex rel. Holder*, No. 12–1302–SLR–SRF, 2013
WL 1953340, at *1 n.1 (D. Del. May 10, 2013). These records are available on the USPTO
website. *See generally* https://www.uspto.gov/.

    [9] Realtek does not, and cannot, allege diversity jurisdiction. Both parties to this lawsuit
are foreign corporations with foreign principal places of business. *See* Complaint, D.I. 2 ¶¶ 3–4.

Complaint's allegations, taken as true, cannot support jurisdiction on any of these bases, the Court may grant Avago Singapore's 12(b)(1) motion considering the face of the Complaint only.

**2.    The Complaint is facially devoid of sufficient jurisdictional allegations.**

Realtek first alleges that a federal question exists under 28 U.S.C. § 1331. Section 1331 vests district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Actions "aris[e] under" the laws of the United States "if and only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Lindy v. Linn*, 501 F.2d 1367, 1369 (3d Cir. 1974). Here, Realtek's Complaint seeks remedies for alleged breach of contract, breach of an implied duty of good faith and fair dealing, and tortious interference with contract and business relations, and asks for a declaratory judgment. *See* Complaint, D.I. 2 ¶ 1. None of these causes of action "aris[es] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. On the contrary, "the dispute between [Realtek and Avago] is purely one as to the correct interpretation and effect of certain contractual documents, an ordinary contract dispute to be determined by the application of the principles of ███████ contract law." *See Lindy*, 501 F.2d at 1369. Accordingly, § 1331 does not confer jurisdiction. *See id.*

Next, Realtek cites 28 U.S.C. § 1338(a), which confers federal jurisdiction over "civil action[s] arising under any Act of Congress relating to patents . . . ." It is a longstanding rule, however, that this statute does not confer upon federal courts jurisdiction over "all questions in which a patent may be the subject-matter of the controversy." *See New Marshall Engine Co. v. Marshall Engine Co.*, 23 U.S. 473, 478 (1912). Rather, "1338(a) jurisdiction . . . extend[s] only

---

The law is well-settled that the presence of aliens as both plaintiff and defendant destroys diversity. *See Grupo Dataflux*, 541 U.S. at 569.

to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988). Relevant here, the Supreme Court has held for well over one hundred years that actions relating to alleged breaches of patent licenses do not arise under the patent laws and therefore do not confer federal jurisdiction. *See, e.g.*, *Marsh v. Nichols, Shepard & Co.*, 140 U.S. 344, 354–55 (1891). Indeed, a suit "for any remedy in respect of a contract permitting use of the patent, is not a suit under the patent laws of the United States, and cannot be maintained in a federal court as such." *Luckett v. Delpark, Inc.*, 270 U.S. 496, 502 (1926).

Realtek disregards this authority and forges ahead with its breach-of-contract and associated state-law claims premised on Avago Singapore's and/or Broadcom's alleged breaches of the Settlement Agreement. This Court's precedents foreclose Realtek's assertion of federal jurisdiction. For example, in *DML Associates v. Mattel, Inc.*, C.A. No. 03–128 GMS, 2003 WL 1798559 (D. Del. Apr. 7, 2003), the plaintiffs sued Mattel for breach of a patent license in state court. Mattel removed, asserting that the state-law claims arose under the patent laws. This Court disagreed: "The fact that the License Agreement relates in part to patents, or that patent issues could arise, does not make the case removable." *DML*, 2003 WL 1798559, at *2; *see also id.* at *3 (recognizing that the limitations of federal jurisdiction "can and do result in state courts resolving patent issues") (quoting *Speedco, Inc. v. Estes*, 853 F.2d 909, 913 (Fed. Cir. 1988)).

The same applies to Realtek's other state-law claims for alleged breach of an implied covenant of good faith and fair dealing and for alleged tortious interference with business relations. *See, e.g.*, *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1573, 1578–79

(Fed. Cir. 1997) (remanding for lack of jurisdiction claims relating to a patent assignment, including claims for breach of covenant of good faith and fair dealing and for tortious interference with business relations). These claims do not "aris[e] under," nor does relief depend upon, patent laws. Thus, neither section 1331 nor 1338 provides any basis for jurisdiction.

Finally, Realtek alleges that the Court may hear this case under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2002. This assertion is likewise baseless, as nothing in the Declaratory Judgment Act confers jurisdiction here. Indeed, the Declaratory Judgment Act is not jurisdictional; rather, a plaintiff seeking a declaratory judgment still must plead a federal question or satisfy the diversity requirements. *See Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671–72 (1950) ("Congress enlarged the range of remedies available in the federal courts [by enacting the Declaratory Judgment Act], but did not extend their jurisdiction."). Here, Realtek asks for a declaratory judgment that certain products "fall[] within the License Agreement's definition of ████████████," a pure state-law contract-interpretation question. *See* Complaint, D.I. 2 ¶ 57. That is not enough. *See A.T. & S.F. Ry. Co. v. Gold Bondholders Protective Council, Inc.*, 506 F. Supp. 449, 450 (D. Del. 1981) (granting motion to dismiss for lack of jurisdiction where plaintiff based declaratory-judgment action on breach of contract, a state-law claim). Thus, the Declaratory Judgment Act does provide jurisdiction.

Realtek's failure to allege any viable basis for subject-matter jurisdiction requires dismissal. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action." (emphasis added)).

**B. Realtek's Complaint fails to state any claims upon which relief may be granted.**

If the Court concludes that it lacks subject-matter jurisdiction, which it should, it must dismiss. But if the Court concludes that subject-matter jurisdiction exists, dismissal is still required because Realtek has failed to state any claims upon which the Court may grant relief.

*See* Fed. R. Civ. P. 12(b)(6). This controversy turns on the single question of whether Realtek has pleaded that Broadcom is Avago Singapore's ████████ under the Settlement Agreement. Because the Agreement's unambiguous language confirms that it both has not, and cannot, all of Realtek's claims fail.

### 1.  Legal Standard

Federal Rule of Civil Procedure 8 requires plaintiffs to articulate "a short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement and "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requirement means advancing "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet Rule 8's pleading standard. *Id.* "[C]ourts must consider the complaint in its entirety, as well as other sources . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Here, the Court must consider the Complaint's allegations; the Settlement Agreement, which is incorporated by reference; and certain SEC filings, of which the court may take judicial notice. *See Hussain*, 692 F. Supp. 2d at 442–43.

Indeed, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The Third Circuit has applied a three-step analysis to determine whether a Complaint meets this standard:

> First, [the court] outline[s] the elements a plaintiff must plead to a state a claim for relief. Next, [it] peel[s] away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. Finally, [it] look[s]

> for well-pled factual allegations, assume[s] their veracity, and then determine[s]
> whether they plausibly give rise to an entitlement to relief. This last step is a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense.

*Id.* (citations and internal quotation marks omitted).

"[A] court considering a Rule 12(b)(6) motion in the context of a contract dispute [does

not] have to accept as true the construction of the contract proffered by the plaintiff." *Falkenberg*

*Cap. Corp. v. Dakota Cellular, Inc.*, 925 F. Supp. 231, 236 (D. Del. 1996). Rather, the Court

must determine whether the contract terms are ambiguous, a question of law. *Id.* Here, ███████

███████ *See* Settlement Agreement ███████. As the Ninth Circuit has explained:

> Under California law, the fundamental goal of contract interpretation is to give
> effect to the mutual intent of the parties as it existed at the time of contracting.
> Because California law recognizes that the words of a written instrument often
> lack a clear meaning apart from the context in which the words are written, courts
> may preliminarily consider any extrinsic evidence offered by the parties. If the
> court decides, after consideration of this evidence, that the language of a contract,
> in the light of all the circumstances, is fairly susceptible of either one of the two
> interpretations contended for, extrinsic evidence relevant to prove either of such
> meanings is admissible. If, however, the court decides that the contract is not
> reasonably susceptible to more than one interpretation, the court can reject the
> assertion of ambiguity.

*Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014–15 (9th Cir. 2012) (quotation marks,

citations, and alterations omitted). "When the parties to a written contract have agreed to it as an

'integration' — a complete and final embodiment of the terms of an agreement — parol evidence

cannot be used to add to or vary its terms." *Masterson v. Sine*, 436 P.2d 561, 563 (Cal. 1968) (en

banc); *see also In re Western Asbestos Co.*, 416 B.R. 670, 695 (N.D. Cal. 2009) ("extrinsic

evidence is not admissible to add to, detract from, or vary the terms of a written [integrated]

contract" (alteration in original) (quotation marks omitted)). Where, as here, a contract is

unambiguous, "[t]he Court is left only to determine whether under any set of facts, [Plaintiff]

would be entitled to relief." *See Falkenberg*, 925 F. Supp. at 237. Realtek is not.

2.  **The Complaint contains no well-pled factual allegations that plausibly entitle Realtek to relief.**

Whether Realtek's Complaint plausibly states any claims for relief depends upon whether it has properly pleaded that Broadcom is an ███████ of Realtek under the Agreement. Only paragraphs 16–19 of the Complaint contain allegations that attempt to do so. But each of these allegations fails because it (1) is "no more than [a legal] conclusion[] and thus not entitled to the assumption of truth," and (2) does not "plausibly give rise to an entitlement to relief." *See Bistrian*, 696 F.3d at 365. Further, the Complaint does not and cannot allege that Broadcom meets the unambiguous definition of ███████.

a.  *Realtek's Allegations Focus on Broadcom Limited, which is* ███████.

(1)  Paragraph 16: "Avago and Broadcom are ███████ of Broadcom Limited."

First, this allegation is a "mere conclusory statement[], [which] does not suffice" to meet the pleading standard. *See Iqbal*, 556 U.S. at 678. Second, even taken as true, this allegation does not entitle Realtek to relief. The provision of the Settlement Agreement ███████ ███████. *See* Settlement Agreement at ███. Broadcom Limited is ███████" to the Settlement Agreement. *See* Settlement Agreement at ███. So even if Realtek's allegation that "Avago and Broadcom are indirect subsidiaries of Broadcom Limited" were true, that still would not make Broadcom an ███████ of Avago Singapore under the Agreement.

(2)  Paragraph 17: "Broadcom is an ███████ of Avago at least because Broadcom and Avago are ███████' of Broadcom Limited."

Again, this allegation is an impermissible legal conclusion. *See Iqbal*, 556 U.S. at 678. And again, the Settlement Agreement's plain language prevents this allegation from forming a cognizable basis of Realtek's claims. The portion of the definition of ███████ related to

– 14 –



██████████ states: "█████████████████████████████████████

███████████████████████████████████        *See* Settlement Agreement at

██ (emphases added). As discussed, Broadcom Limited is ████████ to the Settlement

Agreement. *See* Settlement Agreement at ████ So even if, as Realtek alleges, "Broadcom and

Avago are ██████████████████" of Broadcom Limited" now (as opposed to on the

██████████████) the ████████████ provision still does not bring Broadcom within the

definition of ████████.

        (3)    Paragraph 18: "Avago and/or Broadcom reformed into one or more corporate entities, the structure of which . . . resulted in Avago and/or Broadcom, or another corporate entity, being obligated to perform certain duties under the License Agreement . . ."

Again, this allegation is a legal conclusion, and one that is unsupported by even the

Settlement Agreement. Realtek cites no facts in support of its allegation that "reform[ation] into

one or more corporate entities" somehow obligates Broadcom to perform under the Agreement.

Presumably, Realtek intends this allegation to refer to the concluding sentence of the

Agreement's definition of ████████ which provides:

Settlement Agreement at ██ (emphases added). While the allegations in paragraph 18 are fatally

conclusory, even if Realtek purports to allege that Broadcom was ██████████████████

██████████████ Realtek's failure to allege that Broadcom is either a ████████████

██████████████████████ renders this allegation inadequate for the same

– 15 –

reasons paragraphs 16 and 17 fail.[10] Realtek has thus not "properly [pleaded] that Broadcom is an ██████ of Avago under the [Settlement] Agreement" in paragraph 18 of the Complaint.

> (4)   Paragraph 19: "[T]he obligations of the [Settlement] Agreement extend to Broadcom at least because, as a result of the corporate restructuring of Avago and/or Broadcom, Broadcom is an ███████ of Avago; extend to the entity that has succeeded Avago as a Party to the License Agreement; and/or extend to one or more corporate entities that require Avago and Broadcom to fulfill the obligations set forth in the License Agreement.

As an initial matter, this paragraph is unintelligible. But to the extent Avago Singapore is able to dissect it, it fails to state any plausible claims for the same reason paragraph 18 fails. Specifically, the claims do not allege "corporate restructuring" in such a manner that would bring Broadcom within the scope of the Agreement, and the unnamed "entity" or "entities" that may or may not be obligated according to this paragraph are not involved in this lawsuit.

Realtek's Complaint relies on insufficient legal conclusions and a construction of the Agreement that would not plausibly entitle it to relief. Dismissal is therefore required.

>   b.   *The Complaint does not and cannot allege that Broadcom meets the Agreement's unambiguous* ██████ *definition.*

Beyond the fatal deficiencies in Realtek's allegations, when considered as a whole with "other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss," *see Tellabs*, 551 U.S. at 322, the Settlement Agreement's plain language demonstrates that Broadcom cannot be an ██████ of Avago Singapore under any reading.

>   (1)   Broadcom is not an ██████ of Avago Singapore.

The Settlement Agreement — attached, and therefore incorporated into, the Complaint — unambiguously provides that no ██████████████████

_____

[10] Further, taken as true, this statement alleges that "another corporate entity" may instead be the obligee. This accusation, aimed at an unidentified corporate entity, is both too vague to address, and, if true, absolves Broadcom of any alleged duties under the Agreement.

███████████████ shall be included in the definition of ██████ . *See* Settlement

Agreement at ██ . Realtek did not make any allegation about the date of Broadcom's acquisition.

Failure to allege this fact is, itself, fatal. Further, SEC filings demonstrate that the

acquisition was not completed until February 1, 2016. *See id.* Exh. 1 at 3.[11] ████████

Broadcom, therefore, cannot be an ████████ of Avago Singapore under the Agreement.

    *c.*   *Because Broadcom is not an* ██████████ *of Avago Singapore,* ██████████

Under the Settlement Agreement, Avago Singapore granted Realtek ██████████

███████████ :



Settlement Agreement ██████ ) (emphasis added).

*See id.* ██████

Realtek's claims allegedly arise from Broadcom's filing of an ITC proceeding and related

---

[11] Realtek was on notice that Broadcom would not fit within the definition of an ██████████ at the time Realtek signed the Agreement, yet nonetheless agreed to the clear and unambiguous definition above. Specifically, the press release incorporated into Avago's parent company's May 28, 2015 Form 8–K provides: "Closing of the transaction [in which Avago Technologies will acquire Broadcom] is expected by the end of the first calendar quarter of 2016, and is subject to regulatory approvals in various jurisdictions, as well as the approval of Avago's and Broadcom's shareholders." *See* App. Exh. 3 at 23–25.

district-court actions. *See* Complaint, D.I. 2 ¶¶ 26, 27, 29, 30, 32, 33 39, 45, 51.[12] In the ITC,

Broadcom has asserted that various respondents infringe five Broadcom Asserted Patents, which

Broadcom has owned since they were assigned from their respective inventors. *See* App. Exh. 2

at 10–17: USPTO Assignment Records for Broadcom Asserted Patents.

 Because Broadcom — not Avago Singapore — owns the Broadcom Asserted Patents,

just as it did on the Settlement Agreement's ███████████████████████████████

███████████████████████████████████████████████████████.[13] The

Agreement's definition of █████████████████████████████████████

████████████ — forecloses that possibility. *See* Settlement Agreement at █. Indeed,

Avago Singapore's parent acquired Broadcom on February 1, 2016, more than six months after

the Settlement Agreement's ████████████████ATE. *See* App. Exh. 1 at 3. And

because the parties to the Settlement Agreement expressly contracted about ██████████

███████████████, Realtek cannot use extrinsic evidence to vary the parties' written

rights or to add additional terms that might incorporate Broadcom's patents into the Agreement.

*See In re Western Asbestos Co.*, 416 B.R. at 695.

 Broadcom is not an Avago Singapore █████████ under the Agreement. ██████████

---

[12] The Complaint also makes vague accusations about communications relating to Hewlett–Packard and Toshiba. *See* Complaint, D.I. 2 ¶¶ 23–25. These cursory allegations fail to identify any particular Broadcom patents that were asserted against any Realtek integrated circuits in products sold by Hewlett–Packard or Toshiba or any harm allegedly suffered by Realtek. They are, thus, insufficient to survive this Motion. *See, e.g.*, *Smith v. Visa U.S.A., Inc.*, No. C 11–01634, 2011 WL 2709819, at *2 (N.D. Cal. July 12, 2011) (granting motion to dismiss breach-of-contract claim for failure to allege sufficient facts where plaintiff only alleged harm resulting from breach); *Malcom v. Veterans Admin.*, C.A. No. 09–357–SLR, 2009 WL 2872937, at *1–2 (D. Del. Sept. 2, 2009) (dismissing complaint that provided no particulars to allow the defendant to respond to allegations).

[13] To the extent Realtek characterizes the allegations in the Complaint as stating that Avago Singapore now owns Broadcom's patents, such allegations are legal conclusions, not well-pleaded facts. The Court should disregard them accordingly. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

– 18 –

████████████████████████████████ that form the basis of this Complaint.

>      *d.   Because Realtek is not* ██████████████████, *all of Realtek's claims fail.*

Each of Realtek's claims stems from the assertion that it is ██████████████

████ under the Settlement Agreement. Specifically, Realtek asserts: (a) that Avago Singapore

breached the Settlement Agreement because Realtek allegedly is ████████████████

████████████ (Count I); (b) that Avago Singapore tortiously interfered with Realtek's

contracts and business relationships because Realtek allegedly is ████████████████

████████████ (Count II); (c) that Avago Singapore breached an implied covenant of good

faith and fair dealing because Realtek allegedly is ███████████████████████████

(Count III); and (d) that Realtek is entitled to a declaratory judgment that it is ██████████

████████████████████ (Count IV). As shown, the common alleged "fact" is not true:

Realtek is not ██████████████████████tents. Further, Count III — breach of the

implied covenant of good faith and fair dealing — fails for the additional reason that California

law prohibits a contract's implied terms from varying its express terms. *See Carma Developers*

*(Cal.), Inc. v. Marathon Dev. Cal, Inc.*, 826 P.2d 710, 728 (Cal. 1992). Thus, the Complaint fails

to state any cognizable claims for relief.

**C.  No amendment will cure the Complaint's deficiencies.**

     This lawsuit and Realtek's companion lawsuit against Broadcom are merely attempts to

impose settlement leverage in Broadcom's ITC proceedings. Indeed, Realtek had to completely

ignore the Settlement Agreement's language — language that expressly ██████████████████

█████████████████████████████████ — to draft the Complaint. Realtek

cannot amend this contract-based Complaint to allege federal claims. Nor can it re-plead in any

way that will change the terms of the Agreement it executed on a date when it had notice of

Avago's Technologies' intention to acquire Broadcom in the future. Realtek may not now

rewrite the Settlement Agreement to obtain rights it does not provide, and for which Realtek did not pay. Amendment would thus be futile and a waste of this Court's resources.

## V. CONCLUSION

Realtek asks this Court to hear a dispute over which it does not have jurisdiction. But even if this Court could properly hear purely state-law claims between two foreign entities — which it cannot — Realtek's Complaint fails to state any claims upon which relief might be granted. Avago Singapore thus asks the Court to dismiss with prejudice Realtek's baseless Complaint over which it does not have jurisdiction.

Respectfully submitted,

SHAW KELLER LLP

*/s/ Jeffrey T. Castellano*
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Bruce S. Sostek
Richard L. Wynne
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
(214) 969-1386

Dated:  October 2, 2017

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, hereby certify that on October 2, 2017, this document was served

on the persons listed below in the manner indicated:

### BY E-MAIL
Philip A. Rovner
Jonathan A. Choa
Alan R. Silverstein
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com
asilverstein@potteranderson.com

*/s/ Jeffrey T. Castellano*
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*